UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ANDREW BISTRYSKI, | |
| Plaintiff, | CASE NO. 3:17-cv-5369 RJB-TLF |
| v. | REPORT AND RECOMMANDATION |
| DEPARTMENT OF HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, et al., | Noted for January 5, 2018 |
| Defendants. | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. Defendant Michael Furst, M.D., has filed a motion to dismiss the claims against him under Federal Rule of Civil Procedure (FRCP) 12(b)(6). Dkt. 23. The undersigned recommends that the Court dismiss the claims against Dr. Furst with prejudice because Plaintiff fails to state a claim under 42 U.S.C. § 1983.

## BACKGROUND

Mr. Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit. He sues multiple defendants including Dr. Furst for damages and injunctive relief, asserting that

REPORT AND RECOMMENDATION - 1

defendants have violated his right to adequate medical care under the Eighth Amendment. Dkt. 6, at pp. 4, 6-14.

## DISCUSSION

A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must state "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is considered facially plausible when the facts allow the court to reasonably infer that the defendant is liable under the law for the acts or omissions that are alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court assumes the factual allegations to be true; yet if the plaintiff makes conclusory allegations or unreasonable inferences, those allegations or inferences will not overcome an FRCP 12(b)(6) motion to dismiss. *Id.*; *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). The Court's review is limited to the allegations contained in the complaint and any exhibits that are incorporated by reference and attached to the complaint. *Teixeira,* 873 F.3d at 679 & n.11.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct the plaintiff complains of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The plaintiff must allege that a specific injury resulted from the conduct of a particular defendant and that an affirmative link existed between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff asserts that defendant Durst deprived him of his Eight Amendment right to adequate medical care. To set forth an Eighth Amendment for failure to provide medical treatment, a plaintiff must allege facts that support two elements.

First, the plaintiff must show a serious medical need, meaning the defendant's failure to treat the plaintiff's condition could cause "further significant injury or the unnecessary and wanton infliction of pain." *Lemire v. California Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1081 (9th Cir. 2013).

Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. *Lemire*, 726 F.3d at 1082. This requires (a) a purposeful act or failure to respond to the plaintiff's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The defendant must know of and disregard an excessive risk to the plaintiff's health or safety. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Accordingly, mere indifference, negligence, or medical malpractice will not support a deliberate indifference claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Here, Plaintiff contends that he adequately pleaded an Eight Amendment deliberate indifference claim against Dr. Furst. The Court disagrees.

Plaintiff alleges the following facts in his complaint: Around September 2014, he began experiencing "neurological disturbances such as inability to focus, mental fatigue, short-term memory loss, general mental fogginess, and strange speech and cognition errors." Dkt. 6, p. 5. These symptoms "came over him in waves" that "would leave behind permanent damage," including difficulty studying, short-term memory problems, "lingering linguistic and logical

difficulties," "lingering fatigue, slowness, and fogginess," and changes to his personality. *Id.* Each experience causes Plaintiff "progressively more intense mental distress and suffering." Dkt. 6, p. 6.

He suspected that he was suffering from a condition caused by a neurological illness and/or exposure to toxins. *Id.* He told defendant Scott Light, PAC, about these symptoms on June 22, 2015. Dkt. 6, p. 7. He told Mr. Light and other staff that he was afraid to return to his unit because he feared further exposure to whatever was causing his symptoms. Dkt. 6, p. 7. Prison staff sent him to a "suicide watch" cell, where he spent about a week. Dkt. 6, p. 7. He spoke with Dr. Furst that week. He requested a change of facilities to escape the perceived threat. *Id.*

Dr. Furst and other staff suspected that Plaintiff was delusional and, citing costs, declined to conduct an IQ test "or more sensitive neurological examinations" as Plaintiff requested. *Id.* Against Plaintiff's security concerns, prison staff released Plaintiff back to his unit on June 30, 2015. Dkt. 6, p. 8. Three days later, in an effort to be moved away from what he suspected to be causing his symptoms, Plaintiff made "several superficial cuts on his left wrist." *Id.* His symptoms resumed almost a year later, in June 2016, after he had moved to a different prison. Dkt. 6, p. 9.

In his response to Dr. Furst's motion to dismiss, Plaintiff asserts that his earlier reports of "what seemed to him to be severe neurological disturbances" would have been known to Dr. Furst, or "at the very least would have been available to him." Dkt. 26, p. 4. He contends that those symptoms were "an injury that any reasonable doctor would find important and worthy of comment or treatment," indicating a serious need for medical treatment. Dkt. 26 at 4 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX*

*Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). He asserts that subsequent testing by other doctors "revealed the existence of an 'unidentified neurocognitive disorder' that Dr. Ahirova recommended be investigated." Dkt. 26 at 4-5. Plaintiff asserts that the possible existence of this disorder satisfies the objective, "serious medical need" portion of the deliberate indifference test.

Plaintiff further asserts that Dr. Furst's behavior and state of mind meet the subjective element of deliberate indifference. He contends that Dr. Furst wrote in a report that Plaintiff was "not materially delusional," though Plaintiff also asserts that Dr. Furst "expressed, or seemed to imply" to Plaintiff that Dr. Furst "thought that [Plaintiff] must be delusional." Dkt. 26 at 5; Dkt. 6 at Ex. I, p. 54. He contends that Dr. Furst refused to treat Plaintiff "in any material way." In particular, the complaint alleges that Dr. Furst's "underlying contempt" for Plaintiff prevented him from recommending that Plaintiff meet with a neurologist or other specialist. Dkt. 6, pp. 7-8. And, Plaintiff contends, Dr. Furst "seems to have concurred with an order" to release Plaintiff to the general population on June 30, 2015, because Dr. Furst was on Plaintiff's treatment team. Dkt. 6, p. 8.

Plaintiff has not stated an Eighth Amendment claim against Dr. Furst. Even if the Court assumes that Plaintiff has alleged that he suffers from a serious medical condition—an undiagnosed neurological disorder that has caused his mental abilities to deteriorate—he nonetheless does not allege facts from which the Court could infer that Dr. Furst was deliberately indifferent to his medical need.

Plaintiff has not alleged that Dr. Furst knew of and disregarded an excessive risk to Plaintiff's health. *See Farmer*, 511 U.S. at 837. Plaintiff alleges that Dr. Furst maintained that Plaintiff had no evidence for his claims about his mental condition and suggested that Plaintiff was delusional. Dkt. 6, p. 7. If Dr. Furst disbelieved Plaintiff, as this allegation suggests, then Dr.

REPORT AND RECOMMENDATION - 5

Furst did not "know" of Plaintiff's medical need and could not have intentionally disregarded it. Thus, Plaintiff's allegation on its face fails to state a claim that Dr. Furst had the required state of mind for deliberate indifference. If Dr. Furst was mistaken in disbelieving Plaintiff, then his conduct might amount to negligence; but negligence alone cannot constitute deliberate indifference. *See Broughton*, 622 F.2d at 460.

On the other hand, Plaintiff also alleges Dr. Furst wrote that Plaintiff was "not materially delusional." Dkt. 6, p. 8. Plaintiff contends that this indicates that Dr. Furst believed his reports of mental symptoms and therefore was deliberately indifferent in failing to refer him to a specialist. The note Plaintiff quotes is from a handwritten "primary encounter report" that he attached to the complaint. Dkt. 6, Ex. I. The note appears to actually read, "not mentally disturbed." *Id.*

The Court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But even accepting Plaintiff's interpretation of Dr. Furst's handwriting, a belief that Plaintiff was not "delusional" would not be sufficient to show that Dr. Furst was deliberately indifferent. Plaintiff has pleaded no facts indicating that Dr. Furst actually drew the inference that Plaintiff was at substantial risk of serious harm. *See Farmer*, 511 U.S. at 837.

Second, to the extent that Plaintiff relies on the cutting incident to show harm, he has not alleged that Dr. Furst personally participated in causing him to harm himself. *See Arnold*, 637 F.2d at 1355. Plaintiff contends that Dr. Furst's failure to address his condition led him to make "superficial cuts" to his wrist after he was returned to his normal unit. Dkt. 6, p. 8. In his brief, he bases this claim on an inference that Dr. Furst "seems to have concurred with an order" to release

Plaintiff because Dr. Furst was on Plaintiff's treatment team. Dkt. 26, p. 6. These claims are too speculative to show personal participation. More importantly, the complaint contains no such allegations. *See* Dkt. 6, pp. 5-14. Plaintiff cannot support his response to the motion to dismiss using additional allegations in his brief. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (noting that, in ruling on motion to dismiss under Rule 12(b)(6), court cannot look beyond the complaint to plaintiff's briefing). Because the complaint does not allege that Dr. Furst had any personal participation in releasing Plaintiff to his normal unit, Plaintiff fails to state a claim that Dr. Furst was deliberately indifferent to Plaintiff's medical need based on Plaintiff's self-harm.

In short, even when liberally construed, Plaintiff's allegations do not state a plausible claim that Dr. Furst was deliberately indifferent to Plaintiff's serious medical needs. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find that Plaintiff has failed to state a claim for relief against Defendant Furst, and therefore that it **GRANT** defendant Furst's motion to dismiss.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 5, 2018**, as noted in the caption.

Dated this 19th day of December, 2017.

Theresa L. Fricke
United States Magistrate Judge