UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ANDREW BISTRYSKI,

Plaintiff,

v.

DEPARTMENT OF HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, et al.,

Defendants.

CASE NO. 3:17-cv-5369 RJB-TLF

REPORT AND RECOMMANDATION

Noted for January 12, 2018

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. Plaintiff filed a motion for a temporary restraining order and preliminary injunction on September 27, 2017. Dkt. 24. The undersigned recommends that the Court deny the motion because it is moot as to all defendants except Advanced Registered Nurse Practitioner (ARNP) Sheryl Allbert and Plaintiff's claim against ARNP Allbert is unlikely to succeed.

## BACKGROUND

Mr. Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit (MCC-SOU). He sues multiple defendants including individuals Michael Furst, Scott Light,

REPORT AND RECOMMENDATION - 1

Charles Casey, and Sheryl Allbert, along with DOC Health Services of Stafford Creek Corrections Center, DOC Health Services of Monroe Corrections Center Special Offender Center, and the Medical Care Review Committee. Plaintiff asks for damages and injunctive relief, asserting that defendants have violated his right to adequate medical care under the Eighth Amendment. Dkt. 6, at pp. 4, 6-14.

## DISCUSSION

The basic function of preliminary injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). The standards for issuing temporary restraining orders are "substantially identical" to the standards for issuing preliminary injunctions. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Parties seeking injunctive relief must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has set forth a "serious questions" variation of this standard, under which "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Under either framing, preliminary injunctive relief is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez*, 680 F.3d at 1072 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (per curiam)). To fulfill the "irreparable harm" requirement, the moving party "must do more than merely allege imminent harm," but "must demonstrate immediate threatened injury." *Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

**A. Plaintiff's Request to Enjoin Defendant Furst and Institutional Defendants is Moot.**

In separate Reports and Recommendations, Dkt. 33, 34, the undersigned has found that Plaintiff failed to state a claim against defendant Furst and against the institutional defendants. Accordingly, Plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction is moot as to those defendants.

**B. Plaintiff's Request to Enjoin Defendants Light and Casey is Moot.**

Defendants Light and Casey work at Stafford Creek Corrections Center (SCCC). *See* Dkt. 6, pp. 6-7. Plaintiff was transferred to MCC-SOU in July 2015. *See* Dkt. 6, p. 8. There is no indication from the record that Mr. Light or Lieutenant Casey have any ability to influence Plaintiff's present treatment. Plaintiff's request that the Court order those defendants to provide him with certain care is therefore moot. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility. . . . We, therefore, agree that Nelson's action for injunctive relief against the [officials at plaintiff's former prison] has become moot.").

**C. Plaintiff's Claim against Defendant Allbert is Unlikely to Succeed on the Merits.**

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the conduct the plaintiff complains of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). To satisfy the second prong, a plaintiff must show

how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The plaintiff must show that a specific injury resulted from the conduct of a particular defendant and that an affirmative link exists between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff asserts that defendants, including ARNP Allbert, deprived him of his Eight Amendment right to adequate medical care. To succeed on an Eighth Amendment claim for failure to provide medical treatment, a plaintiff must satisfy two elements.

First, the plaintiff must show a serious medical need, meaning the defendant's failure to treat the plaintiff's condition could cause "further significant injury or the unnecessary and wanton infliction of pain." *Lemire v. California Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1081 (9th Cir. 2013).

Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. *Lemire*, 726 F.3d at 1082. This requires (a) a purposeful act or failure to respond to the plaintiff's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The defendant must know of and disregard an excessive risk to the plaintiff's health or safety. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Accordingly, mere indifference, negligence, or medical malpractice will not support a deliberate indifference claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Here, Plaintiff alleges ongoing "neurological disturbances such as inability to focus, mental fatigue, short-term memory loss, general mental fogginess, and strange speech and

cognition errors." Dkt. 6, p. 5. These disturbances have allegedly caused him worsening cognitive difficulties. Dkt. 6, p. 6. He began noticing these symptoms in September 2014. Dkt. 6, p. 5. He informed staff at SCCC about them in June 2015. Dkt. 6, p. 7. The symptoms continued until July 2015, when Plaintiff was transferred from SCCC to MCC-SOU. Dkt. 6, p. 9. They then resumed in June 2016. Dkt. 6, p. 9. Plaintiff suspects that his symptoms are caused by neurological illness and/or exposure to toxins. *Id.* Although Plaintiff requested IQ testing "or more sensitive neurological examinations," his providers declined, finding such measures unnecessary. *See* Dkt. 29-1, p. 25.

ARNP Allbert is a medical provider at MCC-SOU. *See* Dkt. 6, p. 70. Plaintiff alleges that ARNP Allbert is responsible for scheduling prisoners at MCC-SOU for outside appointments when the prisoners require specialized treatment or evaluation. Dkt. 24, p. 10. ARNP Allbert met with Plaintiff in July 2015, soon after he was transferred to MCC-SOU. Dkt. 6, p. 70. Plaintiff told ARNP Allbert that he believed he had been exposed to a chemical compound, Dichloromethane, and that it was causing his neurological problems. *Id.*

Plaintiff continued to see medical providers regularly regarding his complaints. ARNP Allbert saw Plaintiff again in August 2016. Dkt. 29-1, p. 15. Plaintiff told ARNP Allbert that someone was "messing with his food" and he would not eat anything other than salad. *Id.* ARNP Allbert discussed with him the likelihood that this was not real, and he acknowledged it could be a psychiatric issue. ARNP Allbert assessed him as having paranoia. *Id.*

ARNP Allbert presented Plaintiff's case to the Care Review Committee in March 2017. Dkt. 29-1, p. 25. The Committee determined that Plaintiff's request for a neurology consultation did not meet the standard of medical necessity. *Id.*

REPORT AND RECOMMENDATION - 5

Plaintiff has not shown that he is likely to prevail on an Eighth Amendment claim against ARNP Allbert. As noted above, to demonstrate deliberate indifference Plaintiff must show that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer*, 511 U.S. at 837. And to obtain preliminary injunctive relief, Plaintiff must show "immediate threatened injury." *Associated Gen. Contractors*, 950 F.2d at 1410. The record at this stage contains neither showing.

Instead, the materials submitted by both Plaintiff and the defendants indicate that Plaintiff has seen numerous health care providers who have tried to help him deal with his symptoms, including offering testing for those symptoms and recommending that he resume taking bipolar medications. *See, e.g.*, Dkt. 6, pp. 19, 23, 124, 131, 137; Dkt. 29-1, pp. 21, 24. The most recent record, from August 2017, indicates that Marlinda Pruden, Ph.D., planned to "[p]repare neuro-psychological testing battery based on [Plaintiff's] concerns." Dkt. 29-1, p. 34.

None those records indicate that any of Plaintiff's medical providers have recommended a neurology consultation or found one to be necessary. The closest thing that Plaintiff points to is Dr. Ashirova's notes that Plaintiff's scores on cognitive testing declined between 2006 and 2016. Dkt. 6, p. 130-31. Dr. Ashirova recommended further assessments "to identify the nature of this decline." Dkt. 6, p. 131.

But Dr. Ashirova found that Plaintiff's belief about the nature of the decline indicated delusional thinking. *Id.* He diagnosed Plaintiff primarily with bipolar disorder and made secondary diagnoses of posttraumatic stress disorder, social anxiety disorder, and alcohol use disorder. Id. He made a provisional diagnosis of unspecified neurocognitive disorder. *Id.* Nothing in Dr. Ashirova's notes implies that Plaintiff's possible neurological condition constituted an "immediate threatened injury."

Thus, the record before the Court indicates that Plaintiff is unlikely to succeed in proving that ARNP Allbert drew an inference that an excessive risk of serious harm existed and failed to act on it. *See Farmer*, 511 U.S. at 837; *Winter*, 555 U.S. at 20. Likewise, this record does not show an "immediate threatened injury" warranting preliminary injunctive relief. *See Associated Gen. Contractors*, 950 F.2d at 1410.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find that Plaintiff has not met the standard to obtain a temporary restraining order or a preliminary injunction as to any defendant, and therefore that the Court **DENY** Plaintiff's motion for a temporary restraining order and preliminary injunction.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 12, 2018**, as noted in the caption.

Dated this 22nd day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7