UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ANDREW BISTRYSKI, | CASE NO. 3:17-cv-05369 RJB-TLF |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| DEPARTMENT OF HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, et al., | |
| Defendants. | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Andrew Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit (MCC-SOU). Dkt. 32 at 7, ¶ 29. He sues multiple defendants for damages and injunctive relief, asserting that defendants have violated his right to adequate medical care under the Eighth Amendment. Dkt. 32, pp. 15-16. He is proceeding with this action *pro se* and *in forma pauperis*.

In a recent Report and Recommendation, Dkt. 54, the undersigned recommended that the Court grant two sets of defendants' motions to dismiss with prejudice under Federal Rule of Civil Procedure (FRCP) 12(b)(6), Dkt. 38, 49. The undersigned also recommended that the Court deny two motions by plaintiff for preliminary injunctive relief, Dkt. 24, 44.

ORDER TO SHOW CAUSE - 1

The Report and Recommendation did not recommend dismissal of plaintiff's claims against two defendants, however, because those defendants—Advanced Registered Nurse Practitioner (ARNP) Sheryl Allbert and Dr. G. Steven Hammond—filed an answer to the complaint rather than moving to dismiss. Dkt. 37.

Nonetheless, for the reasons set forth below and in the Report and Recommendation, Dkt. 54, the undersigned directs plaintiff to amend the complaint again to address the deficiencies identified below or to show cause why his claims against defendants Allbert and Hammond should not be dismissed. Plaintiff must do so by **May 18, 2018**.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "*at any time* if the [C]ourt determines" that the action: (a) "is frivolous or malicious" (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added); 28 U.S.C. § 1915A(a), (b) (a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss any portion of the complaint which "fails to state a claim upon which relief may be granted"); *Beenick v. LeFebvre*, 684 Fed. App'x 200, 204 (3d Cir. 2017) (upholding District Court's *sua sponte* dismissal of a claim at the summary judgment stage pursuant to 28 U.S.C. § 1915A and 28 U.S.C. §1997(e).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.

1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). In order for a plaintiff to successfully defend a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The reviewing court will assume the plaintiff's factual allegations to be true. *Teixeira v. County of Alameda,* 873 F.3d 670, 678 (9th Cir. 2017).

A claim is facially plausible if it contains facts that would give the court sufficient information "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Yet, "[c]onclusory allegations and unreasonable inferences" are not enough for the plaintiff to survive a motion to dismiss. *Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Plaintiff asserts that defendants Allbert and Hammond are liable under § 1983 because they were deliberately indifferent to his serious medical condition, violating his Eighth Amendment right to adequate medical care. Dkt. 32, pp. 15-16 (Amended Complaint). To state such a claim, a plaintiff must allege facts that support two elements. First, the plaintiff must

show a serious medical need, meaning the defendant's failure to treat the plaintiff's condition could cause "further significant injury or the unnecessary and wanton infliction of pain." *Lemire v. California Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1081 (9th Cir. 2013).

Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. *Lemire*, 726 F.3d at 1082. This requires (a) a purposeful act or failure to respond to the plaintiff's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The defendant must know of and disregard an excessive risk to the plaintiff's health or safety. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Accordingly, mere indifference, negligence, or medical malpractice will not support a deliberate indifference claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). A mere difference of opinion between the prisoner and prison medical authorities regarding treatment does not constitute deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Rather, the defendant must have chosen a course that was "medically unacceptable under the circumstances" and done so in conscious disregard of an excessive risk to the plaintiff's health. *Id.*

Here, applying the presumption that the plaintiff's allegations are true, the complaint states that he suffers from ongoing and worsening "neurological disturbances such as inability to focus, mental fatigue, short-term memory loss, general mental fogginess, and strange speech and cognition errors." Dkt. 32, pp. 4-5. Plaintiff began noticing these symptoms in September 2014. Dkt. 32, p. 4. He informed staff at Stafford Creek Corrections Center (SCCC) about them in June 2015. Dkt. 32, p. 6. The symptoms continued until July 2015, when plaintiff was transferred

from SCCC to MCC-SOU. Dkt. 32, p. 8. They then resumed in June 2016. Dkt. 32, p. 8. Plaintiff suspects that his symptoms are caused by neurological illness and/or exposure to toxins. *Id.* Plaintiff has received IQ testing and an MRI, but was denied a consultation with a neurologist. Dkt. 32, pp. 9-12.

ARNP Allbert is a medical provider at MCC-SOU. *See* Dkt. 32, pp. 3, 78. ARNP Allbert met with plaintiff in July 2015, soon after he was transferred to that facility. Dkt. 32, p. 78 (Allbert notes). Plaintiff told ARNP Allbert that he believed he had been exposed to a chemical compound, Dichloromethane, and that this was causing his neurological problems. *Id.* Plaintiff alleges that he asked that his "hypothesis . . . be tested, along with any other possible cause," but that after Allbert looked up the compound on the internet she "replied that unless she knew what she were looking for she had no way to test for it." Dkt. 32, pp. 7-8.

Plaintiff alleges that he met with ARNP Allbert again in March 2017 and asked that she request that he receive a consultation with a neurologist. Dkt. 32, p. 11. He alleges that Allbert told him she thought there was a small chance that request would succeed, and that before MHS would "make a real effort to diagnose his condition," he "would need to be to the point that he could no longer feed, bathe, and clothe himself." Dkt. 32, p. 11.

Later in March 2017, Allbert presented plaintiff's case to the Care Review Committee. Dkt. 32, pp. 176-80. She wrote that plaintiff told her someone was poisoning his food and he would eat only packaged food Dkt. 32, p. 178. She wrote of plaintiff's condition: "Little bit of cognitive slowing but not enough to worry about per psychologist. . . Per CMO, on dashboard has delusional disorder." Dkt. 32, p. 178. The Committee determined that plaintiff's request for a neurology consultation did not meet the standard of medical necessity. *Id.*

The complaint is deficient with respect to ARNP Allbert because it does not plausibly allege that Allbert was subjectively aware of a substantial risk of harm to plaintiff. Although plaintiff alleges he informed Allbert of his symptoms, Allbert's notes on her encounters with plaintiff indicate that she did not believe those symptoms constituted a substantial risk to plaintiff. *See* Dkt. 32, pp. 78, 178; *see Teixeira v. Cty. of Alameda*, 873 F.3d 670, 679 & n.11 (9th Cir. 2017) (Court considers attachments to the complaint in ruling on a motion to dismiss). Thus, even liberally construed, the complaint and its attachments indicate that Allbert did not actually "draw the inference" that plaintiff was at substantial risk of serious harm, as a deliberate indifference claim requires. *See Farmer*, 511 U.S. at 837.

With respect to Dr. Hammond, the Amended Complaint alleges only that he failed "to take steps to ensure that policies were in place or specific steps were taken to ensure that plaintiff's serious medical condition was adequately diagnosed and treated directly." Dkt. 32, pp. 14, 16.

A plaintiff in a § 1983 action must allege facts showing how defendants individually caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege some facts that would support a claim that a supervisory defendant either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or implemented a deficient policy that itself violated constitutional rights and was the moving force that resulted in the constitutional violation. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012); *Star v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Here, although plaintiff refers to Dr. Hammond's role in shaping and implementing DOC policy, he does not identify a particular policy that violated his constitutional rights. *See* Dkt. 32, pp. 14, 16; *OSU Student Alliance*, 699 F.3d at 1076. Nor does he allege that Dr. Hammond knew of and failed to act upon the particular violations he alleges. *See id.* Dr. Hammond's role in supervising DOC's medical care operations is not, by itself, a basis for liability under § 1983. *See Taylor*, 880 F.2d at 1045. Accordingly, the Amended Complaint is deficient with respect to defendant Hammond, as well.

Thus, in accordance with the Court's screening responsibility under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b), the undersigned will recommend dismissal of plaintiff's claims against Allbert and Hammond for failure to state a claim upon which relief may be granted, unless plaintiff shows cause why those claims should not be dismissed. Plaintiff shall have until **May 18, 2018**, to comply with this Order.

Dated this 18th day of April, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge