# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHRISTOPHER BISTRYSKI,<br><br>                 Plaintiff,<br><br>   v.<br><br>DOC HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, DOC HEALTH SERVICES OF MONROE CORRECTIONAL COMPLEX – SPECIAL OFFENDERS CENTER, SCOTT LIGHT, DR. MICHAEL FURST, CHARLES CASEY, SHERYL ALBERT, MEDICAL CARE REVIEW COMMITTEE, DR. G. STEVEN HAMMOND, Chief Medical Officer, STEVEN SINCLAIR, Secretary of Washington DOC, individually and in their official capacities,<br><br>                 Defendants. | CASE NO. 17-5369 RJB<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendations of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 54. The Court has reviewed the Report and Recommendations, objections, the remaining file and is fully advised.

ORDER ON REPORT AND RECOMMENDATION - 1

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff, a *pro se* prisoner, brings this case pursuant to 42 U.S.C. § 1983, asserting that the Defendants violated his Eighth Amendment right to adequate medical care. Dkts. 6 and 32. He seeks both damages and injunctive relief. *Id.* The background facts are in the Report and Recommendation (Dkt. 54) and are adopted here.

In September 2017, several of the institutional Defendants moved to dismiss his claims against them (Dkt. 21) as did Defendant Dr. Michael Furst (Dkt. 23). A week later, Plaintiff moved to amend his complaint to attempt to resolve some of the deficiencies. Dkt. 25. That same day, Plaintiff also filed a motion for a temporary restraining order and for a preliminary injunction seeking an order from the court requiring that the Defendants provide him adequate medical care. Dkt. 24.

On December 19, 2017, Plaintiff's motion to amend was granted (Dkt. 31), his Amended Complaint (Dkt. 32) was filed, and the Reports and Recommendations recommending this Court grant both motions to dismiss, with prejudice, (Dkts. 33 and 34) were filed. A few days later, on December 22, 2017, a Report and Recommendation recommending denial of the Plaintiff's motion for a temporary restraining order and for a preliminary injunction, based in part on the recommendations on the motions to dismiss, was filed. Dkt. 35. All the Reports and Recommendations referred to the original complaint (Dkt. 6).

On December 29, 2017, some, but not all, the Defendants filed a Motion to Dismiss claims asserted against them in the Amended Complaint. Dkt. 38. On January 9, 2018, the undersigned declined to adopt the Reports and Recommendations because they referred to the original complaint and not the amended complaint. Dkt. 41. The case was re-referred. *Id.* On February 23, 2018, Defendant Furst filed a motion to dismiss. Dkt. 49. (The only Defendants

that have not moved to dismiss the case are Defendants Sheryl Albert and Dr. Steven Hammond. There is an order for Plaintiff to show cause why these Defendants should not be dismissed, but Plaintiff has until May 18, 2018 to respond.)

On April 11, 2018, the instant Report and Recommendation was filed. Dkt. 54. The Plaintiff filed objections (Dkt. 55) and the Defendants filed a response to the objections (Dkt. 57). The Report and Recommendation is ripe for decision.

## DISCUSSION

**Report and Recommendation's Recommendations and Plaintiff's Objections regarding the Motions to Dismiss**. The Report and Recommendation recommends, in part, that the motion to dismiss by DOC Health Services of Stafford Creek Corrections Center, DOC Health Services of Monroe Corrections Center Special Offender Center and the Medical Care Review Commission (Dkt. 38) be granted because neither a state nor a state agency is a person under § 1983; likewise, a state official acting in their official capacity is not a "person" for purposes of damages claims under § 1983. Dkt. 54. The Report and Recommendation also recommends that the motion to dismiss by individual Defendants Light and Sinclair (Dkt. 38) be granted because Plaintiff still fails to allege sufficient facts for relief against them in his Amended Complaint. Plaintiff does not object to these recommendations.

The Report and Recommendation recommends that Defendant Casey's motion to dismiss (Dkt. 38) be granted. Plaintiff objects to dismissal of the claims against Defendant Casey, arguing that the Report and Recommendation erred in its interpretation of Defendant Casey's capacity to know of Plaintiff's substantial risk of harm, that Plaintiff was harmed when he was returned to his cell, and the Report and Recommendation's finding that "further neurological examination results will not be relevant to the issue before the Court." Dkt. 55.

The Report and Recommendation (Dkt. 54) should be adopted regarding the motion to dismiss by DOC Health Services of Stafford Creek Corrections Center, DOC Health Services of Monroe Corrections Center Special Offender Center and the Medical Care Review Commission, Light, Sinclair and Casey (Dkt. 38); it (Dkt. 38) should be granted and the claims against them dismissed. Plaintiff's objections do not provide a basis to fail to adopt this portion of the Report and Recommendation. While Plaintiff objects to the Report and Recommendation's "interpretation" of Defendant Casey's required state of mind for liability, the Report and Recommendation provides the legal standard, and finds that the facts alleged by Plaintiff, even in the Amended Complaint, fail to state a claim for relief against Casey. Plaintiff's arguments, that he was actually harmed and that the Report and Recommendation erred in stating that a further neurological examination is not relevant, miss the mark. The standard is whether Casey was deliberately indifferent to a serious medical need. For the reasons provided in the Report and Recommendation, Plaintiff failed to adequately plead the elements of the claim in the Amended Complaint, and so Plaintiff's claims against Defendant Casey should be dismissed.

The Report and Recommendation recommends granting Defendant Furst's motion to dismiss (Dkt. 49) because Plaintiff's Amended Complaint failed to allege sufficient facts that Defendant Furst had the requisite state of mind. Dkt. 54. Plaintiff objects, arguing that he told Dr. Furst that he thought he was being poisoned, and that Dr. Furst's defense of not believing him is insufficient without "doing due diligence." Dkt. 55. Plaintiff's Amended Complaint undermines his assertion in his objections that no due diligence was done – it indicates that Dr. Furst spoke with Plaintiff, evaluated him, and determined that there was no medical evidence to support Plaintiff's claims that he was being poisoned. Dkt. 32. Plaintiff's desire for more extensive testing is not adequate to show that Dr. Furst was deliberately indifferent to Plaintiff's

medical needs. While Plaintiff argues in his objections that Dr. Furst did not consider any other diagnosis other than that he was delusional, Plaintiff makes no allegations that plausibly support this theory in the Amended Complaint (or in his objections). For the reasons provided in the Report and Recommendation, Plaintiff's claims against Defendant Furst should be dismissed.

**Report and Recommendation's Recommendations and Plaintiff's Objections regarding the Motions for Preliminary Injunctive Relief.** The Report and Recommendation regarding the motions for preliminary injunctive relief (Dkt. 54) should be adopted. As stated in the Report and Recommendation, in both Plaintiff's motions for injunctive relief, he moves for an order from the Court "to ensure that he receives proper medical care," that is to see "a neurologist that can diagnose him and recommend a course of treatment." Dkts. 24 and 44. The Report and Recommendation recommends that to the extent Plaintiff seeks injunctive relief from Defendants DOC Health Services of Stafford Creek Corrections Center, DOC Health Services of Monroe Corrections Center Special Offender Center, the Medical Care Review Commission, Light, Casey, Sinclair and Furst, his motion should be denied as moot because all claims against these Defendants, by this order, should be dismissed. Dkt. 54. Further, the Report and Recommendation points out that as to Defendants Casey and Light, Plaintiff is no longer housed in the facility where they work, and so would not be able to afford him the relief he seeks. *Id.* Plaintiff does not object to these recommendations.

In Plaintiff's second motion for injunctive relief, he specifically seeks an order requiring Defendants Albert and Hammond to ensure he gets proper mental health care. Dkt. 44. The Report and Recommendation recommends denial of this motion as well. Dkt. 54. While Plaintiff argues that there are "serious questions going to the merits of his case" against these Defendants and the balance of hardship tips strongly in his favor, he doesn't actually explain

what those serious questions are or how the balance of hardship tips strongly in his favor. His remaining objection, regarding the Report and Recommendation's description of the testing done on Plaintiff, does not provide a basis to reject the Report and Recommendation.

**Conclusion**. The Report and Recommendation (Dkt. 54) should be adopted. This order does not resolve all issues in the case. The case should be re-referred to U.S. Magistrate Judge Theresa L. Fricke for proceedings consistent with this order.

## ORDER

Accordingly, it is **ORDERED** that:

- The Court **ADOPTS** the Report and Recommendation (Dkt. 54); and
- The case **IS RE-REFERRED** to U.S. Magistrate Judge Theresa L. Fricke for proceedings consistent with this order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2018.

ROBERT J. BRYAN
United States District Judge