1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ANDREW BISTRYSKI,

                Plaintiff,

       v.

DEPARTMENT OF HEALTH
SERVICES OF STAFFORD CREEK
CORRECTIONS CENTER, et al.,

              Defendants.

CASE NO. 3:17-cv-5369 RJB-TLF

REPORT AND
RECOMMENDATION

**Noted for June 22, 2018**

     This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Andrew Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit (MCC-SOU). Dkt. 32 at 7, ¶ 29. He sues multiple defendants for damages and injunctive relief, asserting that defendants have violated his right to adequate medical care under the Eighth Amendment. Dkt. 32, pp. 15-16. He is proceeding with this action *pro se* and *in forma pauperis*.

     In a Report and Recommendations on April 11, 2018, the undersigned recommended that the Court grant two sets of defendants' motions to dismiss with prejudice under Federal Rule of Civil Procedure (FRCP) 12(b)(6). Dkt. 54. The undersigned also recommended that the Court

1   deny two motions by plaintiff for preliminary injunctive relief. *Id.* The Court adopted those

2   recommendations in an order on May 11, 2018. Dkt. 58.

3         After entering the April 11, 2018 Report and Recommendations, the undersigned directed

4   plaintiff to show cause why the Court should not dismiss the two remaining defendants,

5   Advanced Registered Nurse Practitioner (ARNP) Sheryl Allbert and Dr. G. Steven Hammond, or

6   to amend his complaint to address the identified deficiencies. Dkt. 56. Plaintiff's response to that

7   order was due by May 18, 2018. Plaintiff did not file a response by that date. Accordingly, the

8   Court should dismiss the remaining defendants, ARNP Allbert and Dr. Hammond.

9   **DISCUSSION**

10        In the Order to Show Cause, the undersigned noted that the Court's screening

11  responsibilities under the Prison Litigation Reform Act (PLRA) require it to dismiss the

12  complaint of a prisoner proceeding *in forma pauperis* "*at any time*" if the [C]ourt determines" that

13  the action: (a) "is frivolous or malicious" (b) "fails to state a claim on which relief may be

14  granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief."

15  Dkt. 56; 28 U.S.C. § 1915(e)(2) (emphasis added); 28 U.S.C. § 1915A(a), (b).

16        The undersigned found that plaintiff's "complaint is deficient with respect to ARNP

17  Allbert because it does not plausibly allege that Allbert was subjectively aware of a substantial

18  risk of harm to plaintiff." Dkt. 56, p. 6. The undersigned further found that the complaint was

19  deficient with respect to Dr. Hammond because it did not adequately allege that he personally

20  participated in violating plaintiff's constitutional or statutory rights. Dkt. 56, p. 7.

21

22

23

REPORT AND RECOMMENDATION - 2

1    Because plaintiff has not responded to the Order to Show Cause, and for the reasons

2    stated in that order, the undersigned recommends that the Court DISMISS plaintiff's claims

3    against defendants Allbert and Hammond.

4    The parties have **fourteen (14) days** from service of this Report and Recommendation to

5    file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file

6    objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474

7    U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration

8    on **June 22, 2018**, as noted in the caption.

9    Dated this 7th day of June, 2018.

10

11    Theresa L. Fricke
      United States Magistrate Judge

REPORT AND RECOMMENDATION - 3