UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BISTRYSKI,<br><br>                Plaintiff,<br>    v.<br><br>DOC HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, DOC HEALTH SERVICES OF MONROE CORRECTIONAL COMPLEX – SPECIAL OFFENDERS CENTER, SCOTT LIGHT, DR. MICHAEL FURST, CHARLES CASEY, SHERYL ALBERT, MEDICAL CARE REVIEW COMMITTEE, DR. G. STEVEN HAMMOND, Chief Medical Officer, STEVEN SINCLAIR, Secretary of Washington DOC, individually and in their official capacities,<br><br>                Defendants. | CASE NO. 17-5369 RJB-TLF<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 59. The Court has reviewed the Report and Recommendation, objections, and the remaining file.

ORDER ON REPORT AND RECOMMENDATION - 1

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff, a *pro se* prisoner, brings this case pursuant to 42 U.S.C. § 1983, asserting that the Defendants violated his Eighth Amendment right to adequate medical care when they failed to allow him to see a neurologist. Dkts. 6 and 32. He seeks both damages and injunctive relief. *Id.*

On April 11, 2018, Report and Recommendation was filed. Dkt. 54. It recommended granting motions to dismiss made by some of the defendants in this case; Defendants Sheryl Albert and Steven Hammond did not file motions to dismiss, but instead answered the Amended Complaint. Dkt. 54. The background facts are in the April 11, 2018 Report and Recommendation (Dkt. 54) and are adopted here.

On April 18, 2018, the Magistrate Judge assigned to this case issued an order requiring Plaintiff, by May 18, 2018, to show cause why the claims asserted against Defendants Albert and Hammond should not be dismissed for failure to state a claim. Dkt. 56. The May 18, 2018 Order to Show Cause notes that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to Defendant Albert because it does not allege that she was subjectively aware of a substantial risk of harm to Plaintiff. *Id.* It also provides that Plaintiff's Amended Complaint does not adequately allege that Defendant Hammond personally participated in the violation of Plaintiff's constitutional or statutory rights. *Id.*

On May 11, 2018, the Court adopted the Report and Recommendation (Dkt. 54), dismissed all claims against all defendants, except the claims asserted against Defendants Albert and Hammond. Dkt. 58. The case was re-referred to the Magistrate Judge. Dkt. 58.

On June 6, 2018, the instant Report and Recommendation was filed, recommending that the claims asserted against Defendants Albert and Hammond be dismissed because Plaintiff

failed to respond to the April 18, 2018 order to show cause. Dkt. 59. It refers to the notation that Plaintiff's Amended Complaint did not properly plead facts to support Defendant Albert's state of mind or that Defendant Hammond personally participated in Plaintiff's deprivation.

On June 20, 2018, Plaintiff filed a pleading entitled "Motion for Reconsideration," but then states that he intends the pleading to be objections to the Report and Recommendation. Dkt. 60. Further, Plaintiff does not cite any law related to a motion for reconsideration. Accordingly, this pleading should be construed as objections to the Report and Recommendation (Dkt. 59).

In these objections, Plaintiff asserts that he thought he electronically filed a response to the order to show cause. Dkt. 60. Plaintiff then attaches over 20 pages of the pleadings he alleges he thought he filed electronically in response to the order to show cause. Dkt. 60-1. (The Court's electronic filing system does not have a record of this alleged attempt.)

Plaintiff further states in these objections that he intended to move to amend his complaint after some of his discovery requests were answered, further cognitive testing was conducted, and his family paid privately to have a neurologist evaluate him. Dkt. 60-1, at 8.

Plaintiff then makes various allegations against Defendants Albert and Hammond. Dkt. 60-1. As to Defendant Albert, Plaintiff states that he is not bringing suit against her based on their initial interactions. Dkt. 60-1, at 9. He maintains that after he had objective tests, however, she was aware of a significant risk of harm to Plaintiff and deliberately disregarded it. Dkt. 60-1, at 9-10. He points to an attachment to his Amended Complaint – a September 3, 2016 full scale IQ test and assessment by Margarita Ashirova, Psy.D., who noted, in particular that "the results of the intelligence assessment indeed appear to show decline in at least two areas: processing speed and working memory compared to premorbid functioning. Further assessments are recommended in the future to identify the nature of this decline." Dkt. 60-1, at 9 and Dkt. 32, at

139-145.  Plaintiff argues that when Defendant Albert denied his request to see a neurologist after this assessment, she demonstrated the requisite deliberate indifference state of mind.  Dkt. 60-1, at 11.  According to Plaintiff, Defendant Albert presented his request to see a neurologist to the medical care review committee ("CRC") who denied his request.  *Id.*  Plaintiff maintains that Defendant Albert included irrelevant information (that Plaintiff believed he was being poisoned and that he was delusional) in the March 22, 2017 report to the CRC.  *Id.*  Plaintiff attached her March 22, 2017 report to his Amended Complaint.  Dkt. 32, at 178.  It provided:

> 35 YOM who has current complaints of a serious decline in cognitive function. He states he has a difficult time remembering things and has concerns that he has been poisoned or has a brain tumor. He thinks someone is poisoning his food and he will only eat packaged food. He is requesting a neurology consult. He had a MRI approved to rule out a demyelinating disease which was normal. His weight is 131 lb and stable. BMI 20. Exam: CN II-XII grossly intact. No neurological deficits, I did discuss offender paid healthcare with him. MRI approved through psych. He has been eating packaged foods the last 6 months. Little bit of cognitive slowing but not enough to worry about per psychologist (unsure of what type of test was used to determine this, more like an IQ test). He is certain someone is poisoning him. Per CMO, on dashboard has delusional disorder. Continue clinical monitoring. The committee discussed the intervention proposed and determined the intervention DID NOT meet medical necessity.

Plaintiff argues that "[s]he made a presentation loaded with irrelevant material she knew would undermine [his request], which is the same thing as sabotaging Plaintiff's attempt to request care."  Dkt. 60-1, at 13.  He further argues that he has letters from "two separate neurological clinics stating that his symptoms are severe enough to warrant evaluation by a neurologist," further demonstrating her deliberate indifference.  *Id.* (*citing* Dkt. 60-1, at 19 and 21).

As to Defendant Hammond, Plaintiff states that Hammond "is a defendant in his capacity a voting member and chair or the CRC to which Defendant ARNP Albert made her bias appeal."  Dkt. 60-1, at 13.  Plaintiff further argues that,

> [Defendant Hammond] is a new defendant and I cannot say very much about his state of mind but that will inevitably change during the discovery process.  He

> may not have known anything more than Defendant ARNP Albert shared with him, in which case he will probably be dropped as a defendant. However, he chaired the CRC meeting as far as I know and was in a position to know more about the decision he was voting on than most.

Dkt. 60-1, at 13. Plaintiff asks the Court to decline to adopt the Report and Recommendation and not dismiss his case. Dkt. 60-1.

Defendants respond and do not oppose consideration of Plaintiff's response to the order to show cause on the merits. Dkt. 61. They argue that the Court should not dismiss the case based on Plaintiff's failure to timely the file a response to the order to show cause. *Id.*

As to Defendant Albert, Defendants argue that the Report and Recommendation should be adopted and Plaintiff's claims against her be dismissed, even accepting his new allegations/arguments, because he still does not allege sufficient facts to show that she was deliberately indifferent to his serious medical needs. Dkt. 61, at 4. They argue that Albert "believed that Plaintiff was delusional and that these symptoms were attributable to his delusions." Dkt. 61, at 4 (*citing* Defendant Albert's March 22, 2017 report to the CRC – Dkt. 32, at 178). Defendants argue that Plaintiff ignores key parts of the September 2016 assessment he points to, including portions of the assessment which stated that Plaintiff's belief in his cognitive decline "appear[ed] to rise to the level of delusional thinking due to physical consequences of this thinking including loss of weight and refusing to eat foods that are not safe." Dkt. 61, at 4 (*citing* September 3, 2016 full scale IQ test and assessment by Margarita Ashirova, Psy.D – Dkt. 32, at 143). They maintain that, in accord with that assessment, Plaintiff has received clinical monitoring, testing, and an MRI, as is reflected in the medical record attachments to the Amended Complaint. *Id.* As to the two letters Plaintiff asserts demonstrate that he needs a neurological assessment, the Defendants argue that the letters merely indicate that each doctor

ORDER ON REPORT AND RECOMMENDATION - 5

was willing to see Plaintiff and that Plaintiff failed to include copies of the letters he sent to these neurological clinics so whether Plaintiff accurately disclosed his condition. *Id.*, at 5.

As to Defendant Hammond, accepting Plaintiff's new allegations/arguments, Defendants argue that there is no allegation that Defendant Hammond was deliberately indifferent to Plaintiff's serious medical needs. Dkt. 61, at 3-4.

Defendants argue that Plaintiff should not be given a third opportunity to amend his complaint. Dkt. 61, at 5. They point out that the case has been pending for nine months and some discovery has been conducted. *Id.* They maintain that the Report and Recommendation should be adopted and the case dismissed. *Id.*

## ORGANIZATION OF OPINION

This opinion will first consider the objections asserted against dismissal of Defendant Albert, then the objections asserted against dismissal of Defendant, then whether Plaintiff should be granted leave to file a second amended complaint, and lastly, whether the Report and Recommendation should be adopted.

## II. DISCUSSION

### A. OBJECTIONS RELATED TO DEFENDANT ALBERT

"The government has an obligation to provide medical care for those whom it is punishing by incarceration, and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014)(*internal quotation marks and citations omitted*). In order to state a claim for "an Eighth Amendment claim for inadequate medical care, a plaintiff must [allege] deliberate indifference to his serious medical needs." *Id*. In the Ninth Circuit, "this includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual

punishment—and a subjective standard—deliberate indifference." *Id.* It is the subjective deliberate indifference standard that is at issue here.

"A prison official acts with deliberate indifference only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)(*internal quotation marks and citation omitted*). The "prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference." *Id.* (*internal quotation marks and citation omitted*). "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)(*internal quotations and citations omitted*).

The Report and Recommendation (Dkt. 59) should not be adopted as to dismissal of the claims against Defendant Albert. While very thin, Plaintiff's new allegations against Defendant Albert state a colorable claim that she was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff points out that Defendant Albert was aware through the September 2016 assessment by Dr. Ashirova that Plaintiff had suffered a decline in his cognitive abilities. Although Defendants argue that Defendant Albert attributed Plaintiff's symptoms to a delusion, the evidence may or may not support that conclusion. Although disjointed and difficult to follow, Plaintiff's allegations in his objections raise at least "an inference that the defendant [was] unreasonably relying on [her] own non-specialized conclusions instead of the recommendations of the plaintiff's treating specialist[]." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014). Further, some of the arguments raised by Defendants were raised for the

first time in the response to the order to show cause, and Plaintiff has had no opportunity to respond to them, so the Court will not consider them.

### B. OBJECTIONS RELATED TO DEFENDANT HAMMOND

"42 U.S.C. §1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Id.*

The Report and Recommendation (Dkt. 59) should not be adopted as to dismissal of the claims against Defendant Hammond. Plaintiff now clarifies that Defendant Hammond is being sued for voting to deny him access to a neurologist. The Defendants do not argue that this is insufficient personal participation. In their response, they argue that Plaintiff has not adequately alleged that Defendant Hammond was deliberately indifferent to Plaintiff's serious medical needs. The Court will not address this argument because it was not a part of the order to show cause and was raised for the first time in the response to the objections to the Report and Recommendation.

### C. PLAINTIFF'S MOTION TO AMEND COMPLAINT

"Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016)(*as amended on reh'g* (Apr. 15, 2016)( *internal quotations and citations omitted*).

Based on Plaintiff's objections, further amendment may cure the defects in the Amended Complaint. Plaintiff should be afforded an opportunity to file a second amended complaint.

**D. REPORT AND RECOMMENDATION**

The Court should decline to adopt the Report and Recommendation (Dkt. 59) and re-refer the case to the Magistrate Judge for further proceedings consistent with this opinion.

### III. <u>ORDER</u>

Accordingly, it is **ORDERED** that:

- The Court **DECLINES TO ADOPT** the Report and Recommendation (Dkt. 59); and

- The case **IS RE-REFERRED** to U.S. Magistrate Judge Theresa L. Fricke for proceedings consistent with this order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of July, 2018.

*[signature]*
ROBERT J. BRYAN
United States District Judge