# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHRISTOPHER ANDREW BISTRYSKI, | CASE NO. 3:17-cv-5369 RJB-TLF |
| Plaintiff, | ORDER TO AMEND COMPLAINT |
| v. | |
| DEPARTMENT OF HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, et al., | |
| Defendants. | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Andrew Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit (MCC-SOU). Dkt. 32 at 7, ¶ 29. He sues multiple defendants for damages and injunctive relief, asserting that defendants have violated his right to adequate medical care under the Eighth Amendment. Dkt. 32, pp. 15-16. He is proceeding with this action *pro se* and *in forma pauperis*.

On April 18, 2018, the undersigned magistrate judge entered an Order to Show Cause why Plaintiff's claims against the remaining two defendants, Allbert and Hammond, should not be dismissed for failure to state a claim. Dkt. 56. Plaintiff did not respond to that order to show cause by the deadline. The undersigned entered a Report and Recommendation, recommending

ORDER TO SHOW CAUSE - 1

that the Court dismiss the claims against Albert and Hammond. Dkt. 59. Plaintiff then filed objections to the Report and Recommendation, including as an attachment additional allegations and arguments that, he stated in a declaration, he had attempted to file in response to the Order to Show Cause. Dkt. 60.

Based on Plaintiff's objections, the Court declined to adopt the Report and Recommendation. Dkt. 62. In that Order, the Court found that new allegations contained in the objections "state a colorable claim that [defendant Allbert] was deliberately indifferent to Plaintiff's serious medical needs." Dkt. 62, p. 7. The Court therefore declined to dismiss claims against Allbert. With respect to allegations concerning defendant Hammond's personal participation, the Court observed that in Plaintiff's objections he "clarifies that Defendant Hammond is being sued for voting to deny him access to a neurologist." Dkt. 62, p. 8. The Court therefore declined to dismiss Hammond, as well.

The Court found that "[b]ased on Plaintiff's objections, further amendment may cure the defects in the Amended Complaint. Plaintiff should be afforded an opportunity to file a second amended complaint." *Id.*

Plaintiff states in his objections that he hopes to acquire new evidence and add it to an amended complaint in September or October 2018. Dkt. 60-1, p. 14. The Court's Order Declining to Adopt the Report and Recommendation indicates that the complaint, together with Plaintiff's objections, may already state a claim for relief. Dkt. 62, pp. 7-8. Plaintiff's original complaint was filed one year ago. Dkt. 6. Plaintiff is allowed eight weeks to file his second amended complaint. Plaintiff will of course have the opportunity to develop his claims in discovery and, if he shows at a later time that additional amendments are warranted, he may make a motion to amend the complaint again.

Pursuant to the Court's Order Declining to Adopt the Report and Recommendation, Dkt. 62, the Court ORDERS as follows:

1. Plaintiff is directed to file a second amended complaint setting forth facts that state a cause of action against each of the defendants, Allbert and Hammond.

2. Plaintiff must file the second amended complaint on or before **September 7, 2018**. **The second amended complaint will act as a complete substitute for the original and not as a supplement**.

The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 13th day of July, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge