UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ANDREW BISTRYSKI, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, et al., <br><br> Defendants. | CASE NO. 3:17-cv-5369 RJB-TLF <br><br> ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Andrew Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit (MCC-SOU). Dkt. 32 at 7, ¶ 29. He sues multiple defendants for damages and injunctive relief, asserting that defendants have violated his right to adequate medical care under the Eighth Amendment. Dkt. 32, pp. 15-16. He is proceeding with this action *pro se* and *in forma pauperis*. He filed a second amended complaint on September 5, 2018. Dkt. 64. Before the Court is plaintiff's motion for court-appointed counsel. Dkt. 65.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) Here, the Court previously granted plaintiff's application to proceed *in forma pauperis*. Dkt. 5; 28 U.S.C. § 1915(e)(1).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of the case or the legal issue involved, and an inadequate ability to articulate the factual basis of the claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

This case presents neither a likelihood of success on the merits nor an inability of the plaintiff to articulate his claims in light of the complexity of legal issues involved.

First, plaintiff has not shown a likelihood of success on the merits in his claims against the remaining defendants, Sheryl Allbert, ARNP, G. Steven Hammond, M.D., and Dr. B. Gage.

The second amended complaint adds further detail to plaintiff's allegations, but those allegations are fundamentally unchanged from when the Court previously found no likelihood of success on the merits. *See* Dkt. 54, 58. The complaint details plaintiff's reports to prison medical staff about his concerns regarding his cognitive decline. Dkt. 64, pp. 8-22. The complaint includes as attachments notes from plaintiff's visits with mental-health counselors that reflect his

continued concerns about cognitive decline. Dkt. 64, Exhibits A-V. These documents show that defendants Allbert and Hammond knew or should have known that plaintiff was reporting symptoms of cognitive decline. This nonetheless is not sufficient to show a likelihood that plaintiff will be able to prove that an excessive risk of serious harm existed, that Allbert and Hammond actually drew that inference, and that Allbert and Hammond failed to act on such an inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Further, the Court's order declining to dismiss plaintiff's claims against defendants Allbert and Hammond, Dkt. 62, does not suggest that plaintiff's claims against those defendants are likely to succeed on the merits. The Court wrote: "While very thin, Plaintiff's new allegations against Defendant Albert state a colorable claim that she was deliberately indifferent to Plaintiff's serious medical needs." Dkt. 62, p. 7. This does not indicate—as plaintiff contends—that plaintiff's allegations "would be difficult in the end to prove . . . because of their reliance on esoteric medical knowledge." Dkt. 68, p. 2. Rather, the Court found that plaintiff's allegations were just sufficient to state facts on which relief could be granted. This does not imply that the allegations and the evidence thus far show a likelihood of success.

Plaintiff also does not show a likelihood of success in his claims against a new defendant, Dr. Gage. Dkt. 64, pp. 12-13. The complaint and attachments do not show a likelihood that plaintiff can prove that Dr. Gage had the state of mind necessary to be deliberately indifferent to a serious medical need. *See id.*

The Court has no doubt that plaintiff has suffered as a result of his perceptions about his cognitive decline. However, plaintiff's allegations and the record thus far depend largely on plaintiff's subjective perceptions and conclusory assertions of bad faith by the defendants. Plaintiff therefore has not shown he will likely be able to prove both that he suffers from a

serious neurological disorder and that defendants are denying him treatment. At this stage, then, he has not shown a likelihood that he will be able to prove that defendants have acted with deliberate indifference to a serious medical need.

Second, plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff's incarceration and limited legal training are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants. The inability to obtain counsel due to counsel declining representation also is not an exceptional circumstance that requires the appointment of counsel. While the Court is sympathetic, as previously noted, plaintiff's legal filings and communications with the Court have thus far demonstrated adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of his claim.

Finally, plaintiff's case is not unusually complex. Although the case presents some complexity in interpreting counseling notes and results of cognitive testing, it is no more complex than most litigation involving medical and psychiatric care in prisons. Moreover, the legal issues in this case are those common to cases brought by prisoners for inadequate medical care under the Eighth Amendment.

Accordingly, because plaintiff has not shown a likelihood of success or an inability to articulate his claims in light of the case's complexity, this case lacks the "exceptional circumstances" that would justify appointment of counsel. *Wilborn*, 789 F.2d at 1331. Accordingly, plaintiff's motion for court-appointed counsel, Dkt. 65, is DENIED**.**

The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 10th day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5