1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

CHRISTOPHER ANDREW BISTRYSKI,

Plaintiff,

v.

DEPARTMENT OF HEALTH
SERVICES OF STAFFORD CREEK
CORRECTIONS CENTER, et al.,

Defendants.

CASE NO. 3:17-cv-5369 RJB-TLF

REPORT AND
RECOMMENDATION

**Noted for December 14, 2018**

15        This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Christopher

16  Andrew Bistryski is incarcerated at the Monroe Correctional Complex-Special Offender Unit

17  (MCC-SOU). Dkt. 32 at 7, ¶ 29. He sues multiple defendants for damages and injunctive relief,

18  asserting that defendants have violated his right to adequate medical care under the Eighth

19  Amendment. Dkt. 32, pp. 15-16. He is proceeding with this action *pro se* and *in forma pauperis*.

20        The Court previously granted a motion to dismiss brought by one of the defendants, Dr.

21  Michael Furst. Dkt. 58. Dr. Furst now moves for entry of judgment in his favor under Federal

22  Rules of Civil Procedure 54(b) and 58(d). For the reasons discussed below, the undersigned

23  recommends that the Court deny this motion.

1

**DISCUSSION**

2

Under Rule 54(b),

3

[w]hen an action presents more than one claim for relief ... or when multiple
parties are involved, the court may direct entry of a final judgment as to one or
more, but fewer than all, claims or parties only if the court expressly determines
that there is no just reason for delay.

5

When faced with a Rule 54(b) motion, the district court must first ask whether it is

6

dealing with a final judgment. *Curtiss-Wright Corp. v. Gen. Elect. Co.*, 446 U.S. 1, 7 (1980). "It

7

must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it

8

must be final in the sense that it is an ultimate disposition of an individual claim entered in the

9

course of a multiple claims action." *Id.* (internal quotations omitted). If the Court finds finality, it

10

must then determine whether there is any just reason for delay. *Id.* at 8. The Court considers

11

judicial administrative interests as well as the equities involved. *Id.* The Court scrutinizes Rule

12

54(b) claims to "prevent piecemeal appeals in cases which should be reviewed only as single

13

units." *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986).

14

In reviewing a district court's decision under Rule 54(b), an appeals courts "scrutinize[s]

15

the district court's evaluation of such factors as the interrelationship of the claims so as to

16

prevent piecemeal appeals in cases which should be reviewed only as single units." *Noel v. Hall*,

17

568 F.3d 743, 747 (9th Cir. 2009). Only if it is "satisfied that such 'juridical concerns' have been

18

met" does the appeals court give "'substantial deference' to the district court's assessment of

19

equitable factors such as prejudice and delay." *Id.*

20

The undersigned finds that this case involves multiple parties. The undersigned also finds

21

that the Court has resolved all the rights and liabilities of Dr. Furst with finality by dismissing

22

23

REPORT AND RECOMMENDATION - 2

plaintiff's claim against Dr. Furst without leave to amend. Fed. R. Civ. P. 54(b); Dkt. 54, Report and Recommendation; Dkt. 58, Order Adopting Report and Recommendation.

However, Dr. Furst has not met his burden of showing there is no just reason to delay entry of judgment on claims against him. *See Curtiss-Wright Corp.*, 446 U.S. at 8. Although Dr. Furst asserts that plaintiff's claims against him are "separate and independent of Plaintiff's claims against the other defendants," Dkt. 71, p. 3, the claims arise out of the same alleged lack of treatment by DOC officials for plaintiff's alleged neurological condition. *See* Dkt. 64, pp. 7-22. If plaintiff were to appeal a final judgment in Dr. Furst's favor, the Court of Appeals would necessarily consider factual and legal questions that would, at the same time, still be in dispute in plaintiff's case in this Court. Accordingly, in the interests of judicial efficiency and to avoid piecemeal litigation on appeal, Dr. Furst's motion should be denied under Rule 54(b).

Because these "juridical concerns" require denial of the motion, the Court is not required to address the equitable concerns. *See Noel*, 568 F.3d at 747 (Court of Appeals only defers to District Court's assessment of equitable factors if it is satisfied "juridical concerns" have been met). The undersigned notes, however, that Dr. Furst does not identify any actual or imminent prejudice if he does not receive a judgment before all of plaintiff's claims are resolved. His motion asserts he "faces hardships" regarding his medical licensing and credentialing while this case remains pending. Dkt. 71, p. 4. However, the only hardship it identifies is that without a judgment Dr. Furst "could" be delayed in submitting certain documentation. *Id.* This is speculation, and also vague and unsubstantiated, because Dr. Furst has not submitted a declaration demonstrating such prejudice.

Finally, the undersigned notes that Dr. Furst's position is not unique: Dr. Furst identifies no circumstance that differentiates him from any other licensed medical professional. Dr. Furst's

motion thus does not present a "problem and circumstances . . . of an exceptional nature" that would warrant entry of judgment under Rule 54(b). *See Village West Assocs. v. Rhode Island Housing & Mortgage Fin. Corp.*, 641 F. Supp. 2d 135 (D.R.I. 2009) (noting that partial final judgment under Rule 54(b) "is not a procedural formality available upon request, but designed to be used where the problem and circumstances are of an exceptional nature . . . to avoid some perceptible danger of hardship or injustice through delay which would be alleviated by immediate appeal." [internal quotation marks omitted]).

Accordingly, the motion for entry of judgment, Dkt. 71, should be DENIED.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 14, 2018**, as noted in the caption.

Dated this 26th day of November, 2018.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4