UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BISTRYSKI,<br><br>Plaintiff,<br>v.<br><br>DOC HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER, DOC HEALTH SERVICES OF MONROE CORRECTIONAL COMPLEX – SPECIAL OFFENDERS CENTER, SCOTT LIGHT, DR. MICHAEL FURST, CHARLES CASEY, SHERYL ALBERT, MEDICAL CARE REVIEW COMMITTEE, DR. G. STEVEN HAMMOND, Chief Medical Officer, STEVEN SINCLAIR, Secretary of Washington DOC, DR. BRUCE C. GAGE, individually and in their official capacities,<br><br>Defendants. | CASE NO. 17-5369 RJB<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendations of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 100. The Court has reviewed the Report and

ORDER ON REPORT AND RECOMMENDATION - 1

1  Recommendations (Dkt. 100), objections (Dkt. 101), response to objections (Dkt. 102), the
2  remaining file and is fully advised.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff, a *pro se* prisoner, brings this case pursuant to 42 U.S.C. § 1983, asserting that the Defendants violated his Eighth Amendment right to adequate medical care, and violated the American with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Dkts. 6 and 32. He seeks both damages and injunctive relief. *Id.* All Defendants have been dismissed except Defendants Sheryl Allbert, ARNP, Bruce Gage, M.D., and Steve Hammond, M.D., who now move for summary judgment dismissal of all claims.

The background facts are in the February 19, 2020 Report and Recommendation (Dkt. 100, at 2-11) and are adopted here. The Report and Recommendation recommends dismissal of all claims against the remining Defendants, that the Plaintiff's motion for appointment of an expert be denied, and that his *informa pauperis* ("IFP") status should not be revoked if an appeal is filed. Dkt. 100. The Plaintiff filed objections (Dkt. 101) and the Defendants filed a response to the objections (Dkt. 102). The matter is ripe for review.

## DISCUSSION

The Report and Recommendation (Dkt. 100) should be adopted. All claims against the remaining Defendants dismissed, the Plaintiff's motion for appointment of an expert denied, and his IFP status should not be revoked.

The Plaintiff's objections do not provide adequate grounds to decline to adopt the Report and Recommendation. He concedes that his claims asserted against Dr. Hammond should be dismissed. Dkt. 101. The Plaintiff disputes the characterization of his course of treatment in the Report and Recommendation, maintaining that other inferences should be drawn and that his

evidence was "watered down." *Id.* The Report and Recommendation did not err in this respect and provides an accurate recitation of the facts. While inferences are construed in the non-moving party's favor on a motion for summary judgment, the Court is not bound to draw unreasonable inferences in the Plaintiff's favor. *See, e.g.*, *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 631 (9th Cir. 1987). Plaintiff advocates for inferences that are unreasonable and based on speculation. Further, to the extent that the Plaintiff places heavy weight on a 2019 medical report, it is not relevant to the claims against these defendants - Defendant Allbert (who retired in 2018) and Defendant Dr. Gage (who last treated the Plaintiff in 2017). The Report and Recommendation properly concludes that the Plaintiff has failed to point to issues of fact that Defendant Allbert or Defendant Dr. Gage violated his eight amendment rights (were deliberately indifference to his serious medical needs), or violated the ADA or RA.

Moreover, as stated in the Report and Recommendation, the Defendants are entitled to qualified immunity as to the eighth amendment claim. While the Plaintiff attempts to draw distinctions between his case and *Wilson v. Adams,* 901 F.3d 816 (7th Cir. 2018), the case cited in the Report and Recommendation, his objections do not defeat the Defendants' claims for qualified immunity. He fails to point to any case demonstrating that "at the time of the alleged act or failure to act, there was clearly established law that defined the contours of the federal right objectively putting the officials on notice." *City of Escondido v. Emmons,* 139 S. Ct. 500, 503 (2019). The Defendants are entitled to qualified immunity.

The Report and Recommendation properly concluded that the Plaintiff's motion for an expert should be denied. The Plaintiff's objections do not provide grounds to reject that

conclusion. Contrary to the Plaintiff's assertions, this case is not so complex as to require appointment of an expert.

The Report and Recommendation (Dkt. 100) should be adopted and this case closed.

## **ORDER**

Accordingly, it is **ORDERED** that:

- The Court **ADOPTS** the Report and Recommendation (Dkt. 100);
- The claims asserted against the remaining Defendants **ARE DISMISSED**;
- The Plaintiff's motion for appointment of an independent expert **IS DENIED**;
- The Plaintiff's IFP status **IS NOT REVOKED**; and
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of March, 2020.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge